ALTENBERND, J.,
Concurs with opinion.
In fairness to the trial court, this motion is very confusing. Mr. Solis filed it only in trial court case no. CF06-002841. The only felony involved in that case was driving on a suspended license as a habitual traffic offender. That sentence and a concurrent sentence in case no. CF05-004609 would appear to be fully served by this time.
Mr. Solis’s public records with the Department of Corrections indicate that he is serving a separate five-year term of imprisonment in a ease from Indian River County and that he was sentenced in that case on the same date that he was sentenced in Polk County, resulting in the *232 release of a detainer in Indian River County. That offense occurred in October 2004. Assuming these records are accurate, it may be that he was arrested as he claims on May 5, 2006, but that the jail time only accrued in the Indian River case. It is possible he is entitled to jail credit in that case even if he is not entitled to jail credit in this case. I note that he apparently had a direct appeal of that case in the Fourth District, but we have no information about that appellate proceeding. See Solis v. State, 990 So.2d 1083 (Fla. 4th DCA 2008) (table decision).
I concur in our decision to send this back for another review in the trial court and would encourage that court to examine all of its files from the relevant sentencing hearings, but I am not optimistic that those records will show an entitlement to jail credit as a matter of law in this proceeding.